1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                       CENTRAL DISTRICT OF CALIFORNIA

9

10

11   ERIC HOUSTON, aka ERIC EUGENE)      Case No. CV 09-1292-JFW(RC)
     HOUSTON, aka ERIC E. HOUSTON,)      (Case No. 3:99-CR-132)
12                                )
                     Petitioner,  )
13                                )      OPINION AND ORDER
     vs.                          )
14                                )
     WARDEN J.L. NORWOOD,          )
15                                )
                     Respondent.  )
16   _____)

17

18       On February 24, 2009, petitioner Eric Houston, aka Eric Eugene

19   Houston, aka Eric E. Houston, a federal inmate confined in this

20   judicial district, filed a purported petition for writ of habeas

21   corpus under 28 U.S.C. § 2241 challenging his federal conviction and

22   sentence on the following grounds: (1) he "was convicted by a judge

23   who was racially perjudice [sic] against" petitioner; (2) he "was

24   coerced into a plea agreement against his free will"; (3) he "was

25   denied a fair trial by a[n] unbiased judge"; and (4) he "was

26   incompetent to stand trial or enter a plea and . . . any plea was not

27   //

28   //

1   voluntary."[1]   Petition at 3-4.

2

3                                **BACKGROUND**

4        On July 17, 2000, in United States District Court for the Eastern

5   District of Tennessee case no. 3:99-CR-132,[2] petitioner pleaded guilty

6   to, and was convicted of, one count of possession with intent to

7   distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1)

8   and 841(b)(1)(B).[3]  "In a signed stipulation of facts in support of

9   the guilty plea, [petitioner] agreed that . . . [b]ecause he was

10  responsible for at least five grams of cocaine base, and based upon a

11  prior drug conviction, [petitioner] was subject to a minimum mandatory

12  term of imprisonment of ten years to life, pursuant to 21 U.S.C. §

13  841(b)(1)(B).  He acknowledged as much in his plea agreement. . . ."

14  Houston v. United States, 2006 WL 13213, *1 (E.D. Tenn) (unpublished

15  _____

16       [1]  The Court notes that this is petitioner's **fifth** purported
     Section 2241 habeas corpus action, and his third such action in
17   2009.  See Houston v. Herrera, case no. CV 03-5478-JFW(RC)
     ("Houston I"), which was dismissed without prejudice on February
18   20, 2004; (2) Houston v. Herrera, case no. CV 03-9426-JFW(CW)
     ("Houston II"), which was construed to be a Section 2255 motion
19   and was transferred to the Eastern District of Tennessee; (3)
     Houston v. Norwood, case no. CV 09-0268-JFW(RC) ("Houston III"),
20   which was dismissed without prejudice on January 22, 2009; and
     (4) Houston v. Norwood, case no. CV 09-0528-JFW(RC) ("Houston
21   IV"), which was dismissed without prejudice on January 30, 2009.
     The petitioner is advised that the Court is considering declaring
22   him a vexatious litigant due to his continued filing of frivolous
     actions, and petitioner is advised that if he files another
23   frivolous action, the Court will take such steps.
24
25       [2]  The Court, pursuant to Fed. R. Evid. 201, takes judicial
     notice of the docket sheet and records in Eastern District of
26   Tennessee case no. 3:99-CR-132.
27
         [3]  The Court, pursuant to Fed. R. Evid. 201, takes judicial
28   notice of the facts determined in Houston I, some of which are
     set forth herein.

1 | disposition) (footnote omitted).  "The government, however, as

2 | contemplated by the plea agreement, filed a motion for downward

3 | departure based upon [petitioner's] substantial assistance

4 | . . . [and] [petitioner] was sentenced to a term of imprisonment of

5 | 200 months.  He did not appeal his conviction or sentence."  Id.

6 |

7 | On November 1, 2001, petitioner filed a motion to vacate, set

8 | aside, or correct his sentence under 28 U.S.C. § 2255 in the District

9 | Court for the Eastern District of Tennessee.  Petitioner's claims in

10 | Houston II were considered with his Section 2255 motion, and on

11 | January 3, 2006, the district court denied the Section 2255 motion in

12 | an unpublished opinion.  See Houston, 2006 WL 13213, *5.  The district

13 | court also denied petitioner's request for a certificate of

14 | appealability.

15 |

16 | **DISCUSSION**

17 | The Court, having reviewed the pending petition, has determined

18 | it is not a habeas corpus petition under 28 U.S.C. § 2241, but rather

19 | a motion to vacate, set aside or correct petitioner's sentence under

20 | 28 U.S.C. § 2255.  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th

21 | Cir. 2000)(per curiam) ("[A] court must first determine whether a

22 | habeas petition is filed pursuant to § 2241 or § 2255 before

23 | proceeding to any other issue.").  In making this determination, the

24 | Court has considered whether the pending action comes within Section

25 | 2255's "savings clause," and, for the reasons discussed below, has

26 | determined it does not.

27 |

28 | "The general rule is that a motion under 28 U.S.C. § 2255 is the

3

1  exclusive means by which a federal prisoner may test the legality of

2  his detention, and that restrictions on the availability of a § 2255

3  motion cannot be avoided through a petition under 28 U.S.C. § 2241."

4  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations

5  omitted), cert. denied, 549 U.S. 1313 (2007); Harrison v. Ollison,

6  519 F.3d 952, 955-56 (9th Cir.), cert. denied, 129 S. Ct. 254 (2008).

7  By contrast, a habeas corpus petition under 28 U.S.C. § 2241 is the

8  appropriate mechanism by which a federal prisoner challenges the

9  manner, location or conditions of the execution of his sentence.

10  Hernandez, 204 F.3d at 864.  The distinction between a motion to

11  vacate, set aside or correct a sentence under Section 2255 and a

12  habeas corpus petition under Section 2241 affects not only the type of

13  relief generally available, but also whether a particular district

14  court has jurisdiction to hear the request.  Id. at 865.  Section 2255

15  motions must be heard in the district court in which the federal

16  prisoner was convicted and sentenced, whereas habeas corpus petitions

17  under Section 2241 may be heard in the district court in which the

18  federal prisoner is confined.  Id.

19

20      Although petitioner is currently confined in the Central District

21  of California, and this Court has jurisdiction to hear a habeas corpus

22  petition under Section 2241, the claims petitioner raises in this

23  action directly challenge the legality of his conviction and sentence;

24  thus, petitioner's claims are presumptively cognizable only in a

25  Section 2255 motion to vacate sentence, which must be filed in the

26  District Court for the Eastern District of Tennessee.  Nevertheless,

27  Section 2255 has an "escape hatch" or "savings clause," which provides

28  that "[a] federal prisoner may file a habeas petition under § 2241 to

4

1 challenge the legality of a sentence when the prisoner's remedy under

2 § 2255 is 'inadequate or ineffective to test the legality of his

3 detention.'"   Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897.

4 The petitioner has the burden of demonstrating Section 2255 is

5 "inadequate or ineffective."   Redfield v. United States, 315 F.2d 76,

6 83 (9th Cir. 1963).

7

8      The "inadequate or ineffective" exception is "narrow[,]" Ivy v.

9 Pontesso, 328 F.3d 1057, 1059 (9th Cir.), cert. denied, 540 U.S. 1051

10 (2003); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997), and

11 "the general rule . . . is that the ban on unauthorized second or

12 successive petitions does not per se make a § 2255 'inadequate or

13 ineffective.'"   Stephens, 464 F.3d at 898 (quoting Lorentsen v. Hood,

14 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255)); see also Ivy,

15 328 F.3d at 1059 ("§ 2255's remedy is not 'inadequate or ineffective'

16 merely because § 2255's gatekeeping provisions prevent the petitioner

17 from filing a second or successive petition. . . ." (citation

18 omitted)).   Here, petitioner does not explain how the savings clause

19 assists him or even acknowledge that he previously filed a motion to

20 vacate his sentence under Section 2255.   Moreover, petitioner does not

21 explain why he did not raise the claims he seeks to raise here in his

22 previous motions to vacate sentence under Section 2255 or why these

23 claims cannot be raised before the Sixth Circuit to obtain its

24 authorization to file a second or successive motion under Section

25 2255.   Thus, petitioner has failed to show that the remedy under

26 Section 2255 is "inadequate or ineffective" and he cannot invoke the

27 savings clause to proceed under Section 2241.

28 //

1    Since this Court has found that the pending action is a motion to

2  vacate sentence under 28 U.S.C. § 2255, and this Court does not have

3  jurisdiction to consider petitioner's Section 2255 motion since the

4  proper venue for such a motion is before the district court in the

5  Eastern District of Tennessee, this action must be dismissed for lack

6  of jurisdiction.  See 28 U.S.C. § 2255(a) ("A prisoner in custody

7  under sentence of a court established by Act of Congress claiming the

8  right to be released upon the ground that the sentence was imposed in

9  violation of the Constitution or laws of the United States, or that

10  the court was without jurisdiction to impose such sentence, or that

11  the sentence was in excess of the maximum authorized by law, or is

12  otherwise subject to collateral attack, may move **the court which**

13  **imposed the sentence** to vacate, set aside or correct the sentence."

14  (emphasis added)).  Thus, this action should be summarily dismissed

15  for lack of jurisdiction under Local Rule 72-3.2.[4]

16

17                              **ORDER**

18    **IT IS HEREBY ORDERED** that the pending action be construed as a

19  motion to vacate, set aside or correct the sentence under 28 U.S.C.

20  § 2255 and, as such, Judgment shall be entered summarily dismissing

21  the motion for lack of jurisdiction.

22  //

23  //

24  _____

25    [4]  Local Rule 72-3.2 provides that "if it plainly appears
from the face of the [habeas] petition and any exhibits annexed
26  to it that the petitioner is not entitled to relief, the
Magistrate Judge may prepare a proposed order for summary
27  dismissal and submit it and a proposed judgment to the District
28  Judge."  Local Rule 72-3.2.

1      The Clerk of Court is ordered to serve this Opinion and Order and

2 Judgment on petitioner.

3

4 DATE: March 6, 2009         JOHN F. WALTER   /s/
                                JOHN F. WALTER

5                              UNITED STATES DISTRICT JUDGE

6 PRESENTED BY:

7 DATE:  March 5, 2009

8    /S/ Rosalyn M. Chapman
       ROSALYN M. CHAPMAN

9 UNITED STATES MAGISTRATE JUDGE

10

11 R&R-MDO\09-1292.mdo

   3/5/09

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28